# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD L. MONROE,

    Plaintiff,

v.                                                       Case No. 17-C-1625

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

Plaintiff Richard L. Monroe, who is proceeding without the assistance of counsel, filed this action on November 22, 2017. This matter was randomly assigned to Magistrate Judge David E. Jones. On November 29, 2017, the court ordered Monroe to either voluntarily dismiss his case or to submit proof that he had exhausted his administrative remedies and file an amended complaint by December 20, 2017. Monroe took no action. On December 29, 2017, the court issued a show-cause order and directed Monroe to explain his failure to comply with court order by January 29, 2018. Monroe was warned that a failure to respond could result in the dismissal of his complaint for lack of diligence pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c). Monroe did not respond.

On February 12, 2018, Magistrate Judge Jones issued a Report and Recommendation recommending that this matter be dismissed for lack of diligence.[1] The time to respond has lapsed

---

[1] Because not all parties have filed a consent to magistrate judge jurisdiction, Magistrate Judge Jones could not dismiss the case. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017).

and no objection has been received. Because no objection was made, I review Magistrate Judge Jones' report for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Upon review, I find no clear error in either the report or the recommendation.

**IT IS THEREFORE ORDERED** that the court **ADOPTS** Magistrate Judge Jones' Report and Recommendation (ECF No. 6) and this case shall be **DISMISSED** for lack of diligence pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c).

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   6th   day of March, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.